IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 6196 |
| | ) | |
| LA SALLE BANK, N.A. | ) | Judge William J. Hibbler |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LA SALLE BANK'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), La Salle Bank, N.A. moves to dismiss, with prejudice, the government's one-count Complaint for alleged overpayment of veteran's disability pension benefits to La Salle Bank as guardian of the estate of Elizabeth McCoy.

The government stakes its claim of overpayment on the following: Without La Salle Bank's knowledge, the Social Security Administration began to pay Social Security benefits to Ms. McCoy's son as her "representative payee." At the same time, the Department of Veterans Affairs continued to pay veterans' benefits to La Salle Bank, as guardian of the estate of Ms. McCoy. Because Ms. McCoy's veterans' benefits would have been reduced or eliminated based on the amount of Social Security benefits Ms. McCoy's son received, the VA overpaid veterans' benefits to La Salle Bank, as guardian of the estate of Ms. McCoy.

The government's claim should be dismissed because the Social Security Administration violated the Constitution's due process clause and the Social Security Act when it paid Social Security benefits to Ms. McCoy's son as her "representative payee."

The Social Security Administration did not notify Ms. McCoy through the guardian of her estate, La Salle Bank, that it was paying her Social Security benefits to her son on her behalf. Due process and the Social Security Act both required the Social Security Administration to provide this notice to La Salle Bank, as guardian of the estate of Ms. McCoy.

Without this notice, La Salle Bank, on behalf of Ms. McCoy, had no opportunity to object that her constitutionally-protected property interest in Social Security benefits was being diverted to her son. Therefore, any payment of Social Security benefits to Ms. McCoy's son was not property she received.

Since Ms. McCoy did not receive these Social Security benefits, the Department of Veterans Affairs could not use them in calculating the amount of veterans' benefits due Ms. McCoy. So the government cannot bring any claim for alleged overpayment of veterans' benefits to La Salle Bank, as guardian of the estate of Ms. McCoy. Further, the government's claim for any overpayment of veterans' benefits made before November 1, 2001 is barred by the applicable six-year statute of limitations.

For these reasons, and the reasons set forth in the accompanying Memorandum of Law in Support of La Salle Bank's Motion to Dismiss, which is incorporated by reference, the Court should dismiss the government's Complaint with prejudice.

Dated: February 4, 2008                                     Respectfully submitted,


    /s/  Scott P. Clair
Todd A. Rowden
Scott P. Clair
Timothy L. Binetti
THOMPSON COBURN LLP
55 E. Monroe St.
40th Floor
Chicago, IL 60603

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to F.R.C.P. 5(b)(2)(D), a copy of the foregoing La Salle Bank's Motion to Dismiss, was served by electronic means on February 4, 2008 through this Court's CM/ECF system on the following registered user:

>Kathryn A. Kelly
>Assistant United States Attorney
>219 S. Dearborn St.
>Chicago, IL 60604

>/s/  Scott P. Clair