IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07 C 6196 |
| ) | |
| LA SALLE BANK, N.A. ) | Judge William J. Hibler |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF LA SALLE BANK'S MOTION TO DISMISS**

**Introduction**

Twenty years ago, the Social Security Administration began sending benefits checks to the son of a disabled veteran as her "representative payee." The son had no authority to receive those checks. Since 1954, La Salle Bank has been the guardian of the estate of his mother, Army veteran Elizabeth McCoy.[1] In that capacity, La Salle has been receiving veterans' disability pension benefits on behalf of Ms. McCoy. Because veterans' disability pension benefits are means-tested, any Social Security benefits received reduce the amount of disability pension benefits a veteran may receive.

But the Social Security Administration never notified La Salle Bank, as the guardian of the estate of Ms. McCoy, that her son was receiving Social Security checks as her "representative payee." So La Salle Bank continued to receive on Ms. McCoy's behalf veterans' disability pension benefits based on an annual income that didn't include any Social Security benefits.

---

[1] The government's Complaint names "Bank of America, formerly ABN AMRO d/b/a La Salle Bank" as the Defendant. La Salle Bank, N.A., is and has been its own juridical entity. Since October 2007, La Salle is a wholly-owned subsidiary of Bank of America, N.A. The case caption has been changed accordingly.

Now, the government has brought a claim against La Salle Bank, in its personal capacity, for overpayment of veterans' disability pension benefits because the government simultaneously sent Social Security checks to Ms. McCoy's son without La Salle Bank's knowledge. This claim fails as a matter of law for two reasons.

First, the government violated both the due process clause of the Constitution and the Social Security Act when it sent checks to Ms. McCoy's "representative payee" without notifying her through La Salle Bank, the guardian of the estate of Ms. McCoy. Social Security benefits are a constitutionally-protected property interest. If the government pays these benefits to someone other than the beneficiary, it must notify the beneficiary of its decision and provide her an opportunity to respond.

Because Ms. McCoy is legally incompetent to handle her financial affairs, La Salle Bank, as the guardian of her estate, is the only one who can exercise her rights on these financial matters. So the Constitution requires the government to notify La Salle Bank on her behalf and provide La Salle Bank an opportunity to respond on her behalf. The Social Security Act requires the same.

The government violated both requirements here. So any benefits paid to the "representative payee" are not benefits received by Ms. McCoy. Without these Social Security benefits, there is no alleged overpayment of veterans' disability pension benefits. So the Court should dismiss the government's claim.

Second, the Court should dismiss the government's claim for alleged overpayment of veterans' disability pension benefits that pre-date November 1, 2001 since they are outside the six-year statute of limitations period.

**Background**

I.  **Because Veteran's Benefits Are Means-Tested, They Are Reduced by Any Social Security Benefits Received.**

The amount a veteran may receive in disability pension benefits for a non-service related disability is reduced by any other annual income the veteran receives. 38 U.S.C. 1521(b). Other annual income includes Social Security benefits. 38 U.S.C. § 1503(a); 38 C.F.R. § 3.271(a); *see also*, *Jaffees v. HEW*, 393 F.Supp. 626, 628 (S.D.N.Y. 1976). So any amount a veteran receives in disability pension benefits will be reduced by any Social Security benefits received.

II. **La Salle Bank Received Veterans Benefits on Ms. McCoy's Behalf without Knowing Her Son Tried to Receive Social Security Benefits on Her Behalf.**

Elizabeth McCoy served as a nurse in the Army from July 5, 1945 to April 1, 1946. **(Am. Compl. ¶ 5)** Sometime after her military discharge, Ms. McCoy applied for and began receiving non-service-related, disability pension benefits from the Department of Veterans Affairs (VA). **(Am. Compl. ¶ 6)** In 1954, a probate court appointed La Salle Bank as guardian of the estate of Ms. McCoy. **(Am. Compl. ¶ 7);** (*see also*, **755 ILCS 5/11a-18**) In this capacity, La Salle Bank has filed reports with the VA, has received VA disability pension benefits on behalf of Ms. McCoy, and has paid her expenses. **(Am. Compl. ¶¶ 8-9)**

In 1988, Ms. McCoy's son applied for Social Security benefits on her behalf as a representative payee. **(Am. Compl. ¶ 10);** (*see also*, **42 U.S.C. § 405(j)**) The Social Security Administration (SSA) never informed La Salle Bank, as guardian of Ms. McCoy's estate, that her son was receiving SS benefits as her representative payee. **(Am. Compl. ¶ 17)**

Because La Salle Bank never knew about the Social Security benefits paid to Ms. McCoy's son, La Salle Bank continued to report to the VA that it wasn't receiving any Social Security benefits on Ms. McCoy's behalf.  **(Am. Compl. 10)**  Based upon these reports, the VA continued to pay Ms. McCoy her full veterans' disability pension benefits.  **(Am. Compl. 11-18)**

The government filed its original Complaint on November 1, 2007 **(Dkt. #1)**, and its Amended Complaint on December 4, 2007 **(Dkt. #7)**.  In its Amended Complaint, the government seeks to recover alleged overpayments of veterans' disability pension benefits.  The government, however, not only seeks to recover alleged veterans' disability pension benefit overpayments paid on and after November 1, 2001, it seeks to recover for alleged overpayments from November 1, 1997 through October 31, 2001 as well.  **(Am. Compl. ¶ 18)**

## Argument

I. **Legal Standard**

To survive a motion to dismiss under F.R.C.P 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).  The government's claim, however, doesn't fail for lack of factual allegations.  Rather, the facts alleged, which are taken as true for the purpose of this motion, *see id.*, show that the government has pleaded itself out of court. *See, e.g., Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995)(A plaintiff "can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.").

II.     **The Government Violated Ms. McCoy's Due Process Rights by Paying Social Security Benefits to Her Son without Notifying Her.**

Social Security benefits are a property interest of the beneficiary protected by the due process clause of the Fifth Amendment, *Mathews v. Eldridge* 424 U.S. 319, 332 (1976).  And due process requires notice and an opportunity to be heard before the government may deprive one of her property.  *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1956).

When a legally-incompetent beneficiary has a guardian, then the government must satisfy the beneficiary's due process rights by notifying the guardian before taking away her property.  *See, e.g., Covey v. Town of Summers*, 351 U.S. 141, 146 (1956)("Notice to a person known to be an incompetent who is without the protection of a guardian does not measure up to this [due process] requirement.").

Here, the SSA paid Ms. McCoy's putative SS benefits to her son as a representative payee.  **(Am. Compl. ¶ 10);** 42 U.S.C. § 405(j)(1)(A).  But the SSA (i) did not notify Ms. McCoy of its decision through the guardian of her estate, La Salle Bank, and (ii) did not provide La Salle Bank the opportunity to object on her behalf.  **(Am. Compl. ¶ 17)**  This due process violation resulted in the deprivation of property that would otherwise have been paid to La Salle Bank for the benefit of Ms. McCoy.

Because La Salle Bank, on behalf of Ms. McCoy, never received this property, Ms. McCoy was entitled to the full amount of veterans' disability pension benefits she received.  Therefore, the Court should dismiss the government's claim.

**III.     The Government Violated 42 U.S.C. § 405(j)(2)(E)(ii) and (iii) by Paying Social Security Benefits to Ms. McCoy's Son Without Notifying Her.**

In recognition of the SSA's due process obligations, Congress has required the SSA (i) to provide written notice to a legal guardian or other legal representative of its determination to pay benefits to a "representative payee" other than the legal guardian or legal representative and (ii) to provide written notice of the legal guardian or legal representative's right to appeal the SSA's determination. 42 U.S.C. § 405(j)(2)(E)(ii)-(iii). *See also*, 20 C.F.R. § 404.2030.

The SSA didn't provide either of these notices to Ms. McCoy through La Salle Bank, the guardian of her estate. **(Am. Compl. ¶ 17)** Without providing these notices, the SSA violated the Social Security Act. This violation resulted in the SSA paying Ms. McCoy's Social Security benefits to a party not entitled to receive them on her behalf. **(Am. Compl. ¶ 10)**

Because Ms. McCoy didn't receive these Social Security benefits, Ms. McCoy was entitled to the full amount of veterans' disability pension benefits she received. Therefore, the Court should dismiss the government's claim.

**IV.     The Applicable Six-Year Statute of Limitations Bars Any Alleged Overpayments Received before November 1, 2001.**

The government has six years to bring a based upon a contract "implied in law." 28 U.S.C. § 2415(a). Claims for overpayment fall within this category. *See, e.g., U.S. v. Diaz*, 790 F.2d 866, (11th Cir. 1986)(government's claim for overpayment barred by 28 U.S.C. § 2415(a) six-year limitations period).

Here, the government seeks alleged overpayment of veterans' disability pension benefits received well before November 1, 2001, as well as alleged overpayments received after that date.  **(Am. Compl. ¶ 18)**  Because any alleged overpayment received before November 1, 2001 is outside the six-year limitations period, the Court should dismiss any claim for alleged overpayment of those veterans' disability pension benefits.

## Conclusion

For the foregoing reasons, the Court should dismiss the government's Amended Complaint with prejudice.


Dated:  February 4, 2008                                                       Respectfully submitted,



      /s/  Scott P. Clair
Todd A. Rowden
Scott P. Clair
Timothy L. Binetti
THOMPSON COBURN LLP
55 E. Monroe St.
40th Floor
Chicago, IL 60603

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to F.R.C.P. 5(b)(2)(D), a copy of the foregoing Memorandum of Law in Support of La Salle Bank's Motion to Dismiss, was served by electronic means on February 4, 2008 through this Court's CM/ECF system on the following registered user:

> Kathryn A. Kelly
> Assistant United States Attorney
> 219 S. Dearborn St.
> Chicago, IL 60604

>                    /s/  Scott P. Clair