UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6196 |
| v. ) | |
| ) | Judge Hibbler |
| BANK OF AMERICA, formerly ) | |
| ABN AMRO d/b/a/ LaSALLE BANK ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' RESPONSE TO LASALLE'S MOTION TO DISMISS**

Defendant LaSalle Bank moves to dismiss the United States' complaint, arguing that purported actions by the Social Security Administration – that are unsupported by the allegations in the complaint – bars the United States' recovery for monies paid by the Department of Veterans Affairs. LaSalle also argues that the six-year statute of limitations bars recovery prior to that time. LaSalle's motion to dismiss should be denied, as bald assertions of what SSA knew do not overcome the well-pleaded allegations in the United States' complaint. The United States seeks to amend its complaint to correct the time frame of LaSalle's misconduct to comply with the statute of limitations.

**Background**

Beginning some fifty years ago, veteran Elizabeth McCoy received pension benefits from the Department of Veterans Affairs ("VA") due to a disability that was not service-connected. R. 1 at 2. The pension benefits were granted because McCoy had no other source of income or any income was below the amount set by Congress. *Id.* In 1954, McCoy's pension benefits were paid to LaSalle as guardian. *Id.* By at least 1980, LaSalle completed VA forms every year or so

regarding McCoy's income. *Id.* LaSalle consistently reported that McCoy did not receive SSA benefits. *Id.* at 3.

In 1988, however, McCoy began to receive SSA benefits through her son. LaSalle did not inquire of SSA, McCoy or her son as to whether McCoy received such benefits and instead repeatedly answered "no" or "none" or "0" on the VA's forms. The VA relied on LaSalle's reporting of no SSA income. *Id.* If the VA had known of the SSA payments, McCoy's VA pension benefits would have ceased due to that income.

The United States brought suit against LaSalle Bank ("LaSalle") under the theory of payment by mistake.

## Legal Standard

In evaluating a Rule 12(b)(6) motion, this court must accept all well-pleaded allegations in plaintiff's complaint as true. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the allegations of a complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic*, 127 S.Ct. at 1965.

I.   **Due Process Rights and the Social Security Administration**

As discussed above, the VA paid out monies to which McCoy was not entitled. LaSalle does not deny the allegations. Instead, LaSalle asserts that SSA sent payments to McCoy's son – Carl McCoy – in violation of McCoy's due process rights. LaSalle argues that it should have been

notified by SSA that benefits were to be paid on McCoy's behalf and given an opportunity to respond. LaSalle concludes that because SSA benefits were not paid *to* McCoy, she received no SSA benefits at all, thus resulting in no overpayment by the VA.

Similarly, LaSalle argues that SSA violated the Social Security Act by paying benefits to her son. Specifically, LaSalle asserts that SSA did not provide written notice to LaSalle, as McCoy's legal guardian, of the determination to pay a representative payee other than LaSalle or of the right to appeal the decision to pay Carl McCoy as a representative payee.

LaSalle asks this court to find that McCoy was deprived of a property right. LaSalle really makes this argument in reverse; they argue that because LaSalle would have declined SSA benefits on McCoy's behalf, that lost opportunity deprived her of her property right. This argument dovetails with LaSalle's assertion that the Social Security Act requires that LaSalle, as legal guardian, be provided with notice of the intent to pay a representative payee and information to appeal the payment determination.

LaSalle's arguments fail for several reasons. First, on an evidentiary level, LaSalle provides no citation or documentary support for its assertion that SSA knew that LaSalle was McCoy's guardian and thus should have sent notice to LaSalle.[1] LaSalle's conclusions drawn are mere speculation. Moreover, LaSalle makes conclusions of law — SSA violated McCoy's due process rights and the Act — that are simply not appropriate for a motion to dismiss.

Furthermore, LaSalle improperly seems to presume that the VA and SSA are the same, imputing knowledge from one agency to another. *See Hughes v. United States*, 701 F.2d 56, 58 (7th

---

[1] Of course if LaSalle had attached documents or affidavits, this motion would be one for summary judgment under Rule 56.

Cir 1982)("[g]overnment agencies do not merge into a monolith" for the purpose of litigation). Whether SSA knew that LaSalle was McCoy's guardian may not be relevant to the VA's claim of making payments to LaSalle by mistake.

Finally, LaSalle's argument essentially amounts to estoppel, that SSA's alleged misconduct precludes the VA's pursuit of the payment by mistake. In addition to being conclusory and speculative, LaSalle's use of estoppel is inappropriate here. Estoppel, an equitable remedy, is not applicable against the government in the same manner as against a private party. *See Heckler v. Community Health* Servs., 467 U.S. 51, 58 (1984); *Pratte v. NLRB*, 683 F.2d 1038, 1041 (7th Cir 1982). The doctrine is not, in itself, a claim or defense by a means of precluding a litigant from asserting an otherwise available claim or defense against a party who has detrimentally relied on that litigant's conduct. *Olsen v. United States*, 952 F.2d 236, 241 (7th Cir. 1991).

While estoppel may apply to the government in limited situations, to be applicable, the governmental action must be affirmative misconduct. Four elements must be satisfied: (1) the party to be estopped must know the facts; (2) this party must intend that the conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended; (3) the party asserting estoppel must have been ignorant of the facts; and (4) the party asserting estoppel must rely reasonably on the other's conduct to his substantial injury. *Id.*

As a preliminary matter, LaSalle cannot meet the above elements because it relies solely on its own conclusion that SSA acted improperly. Further, it is unclear as to how actions by SSA can estop the VA, a separate governmental agency. Apparently SSA's silence is the key to LaSalle's argument: SSA allegedly did not inform LaSalle of McCoy's application for benefits through a representative payee. For the same reasons articulated above, LaSalle presumes that SSA knew of

LaSalle's status. That is unclear and cannot be resolved in a motion to dismiss. Finally, this is not the type of egregious affirmative misconduct necessary to justify the extraordinary remedy of estoppel. *See Gutierrez v. Gonzales*, 458 F.3d 688, 693 (7th Cir. 2006).

Of course LaSalle proceeds at its peril, as "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto Maint. Mach. Co.,* 324 U.S. 806, 814 (1945). LaSalle never questioned anyone in reporting McCoy's income from Social Security. Instead of responding with "unknown" or leaving it blank – because apparently LaSalle had no knowledge of SSA whatsoever – LaSalle responded. It remains that McCoy was not entitled to receive both VA and SSA payments, only one or the other. To be liable under the theory of payment by mistake, LaSalle mistakenly informed the VA that McCoy was not receiving SSA benefits and this assertion was material to the ongoing VA payments. This is what the United States alleged in its complaint and LaSalle's argument that the VA is estopped from recovering the overpayment due to some conclusory allegations about what SSA knew fails to overcome it. Because a motion to dismiss tests the sufficiency of the complaint, not the merits of the suit, this motion must fail. *Autry v. Northwest Premium Servs., Inc.*, 144 F3d 1037, 1039 (7th Cir. 1998). On this record at this early time in litigation, LaSalle's motion should be denied.

## II.    Statute of Limitations

Because the United States did not file suit alleging fraud under the False Claims Act, simply pursuing a claim under the theory of payment by mistake, LaSalle is correct that the total amount sought in the complaint is inaccurate due to the six-year statute of limitation. Should LaSalle's motion to dismiss be denied, the United States seeks leave to file a second amended complaint to correct the error.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney


By:
    KATHRYN A. KELLY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1936
    Kathryn.kelly@usdoj.gov