IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07 C 6196 |
| ) | |
| LASALLE BANK, N.A. ) | Judge William J. Hibbler |
| ) | |
| Defendant. ) | |
| ) | |

**LASALLE BANK'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

**INTRODUCTION**

The government now agrees that a substantial portion of its claim for overpayment is subject to dismissal on statute-of-limitations grounds. Despite the government's protestations, the Court should dismiss the rest of its claim as well. Factually, the government's amended complaint shows that the Social Security Administration never even inquired as to the status of LaSalle Bank's guardianship of Ms. McCoy, even though this was reasonably ascertainable from public records.

Instead, as the government's amended complaint shows, without making inquiry or providing notice, the Social Security Administration paid Ms. McCoy's Social Security benefits to someone else. The government's response brief doesn't show otherwise.

Legally, this means the government can't sue for "overpayment" of veteran's benefits provided to Ms. McCoy, through LaSalle Bank, based on Social Security benefits Ms. McCoy, through LaSalle Bank, never had notice of, much less received.

The government's response brief tries to avoid this by placing the burden of the due process inquiry and notice requirements on the citizen, not the government.

According to the government's legal theory, it can give away a citizen's property to someone else without first (or ever) notifying her because the citizen has a duty to inquire and notify the government that it's taking her property.  The Constitution and the Social Security Act, however, sensibly place the burden of inquiry and notice on the government.

The rest of the government's brief tilts at windmills by rebutting arguments LaSalle Bank doesn't make: such as knowledge of one federal agency can't be imputed to another and estoppel against the federal government is a limited defense.  LaSalle's argument, however, is and has been that the Social Security Administration violated the due process clause and the Social Security Act when it gave Ms. McCoy's Social Security benefits away without first (or ever) notifying her through the guardian of her estate, LaSalle Bank.

Without this notice, the government can't claim that Ms. McCoy, through LaSalle Bank, ever received any Social Security benefits paid to her son.  And without these benefits, the government can't claim that the Department of Veterans Affairs overpaid pension disability benefits to Ms. McCoy, through LaSalle Bank, based on Social Security benefits she never received. So the government's entire complaint should be dismissed.

## **ARGUMENT**

I.  **The Government's Amended Complaint Shows the Social Security Administration Made No Inquiry and Gave No Notice before Giving Away Ms. McCoy's Social Security Benefits.**

The government argues that "LaSalle provides no citation or documentary support for its assertion that SSA knew that LaSalle was [Ms.] McCoy's guardian and thus should have sent notice to LaSalle." (Resp. at 3)  This is consistent with the government's amended complaint, which alleges: "Because of LaSalle bank's failure to make any good faith inquiry into [Ms.] McCoy's status with the Social Security Administration or respond on the Report that it did not know of McCoy's status, the VA continued to pay pension benefits that [Ms.] McCoy was no longer entitled to receive." (Am. Compl. ¶ 17).

So according to the government, it is LaSalle Bank's responsibility, as the guardian of the estate of Ms. McCoy, to dig around and see if a federal agency is paying benefits to someone who has no authority to receive them.  And according to the government, a federal agency has no duty to inquire who has a protected property interest and to notify that person that the government is giving her property to someone else.

Given this clear assertion, the government's argument that things are "unclear and cannot be resolved in a motion to dismiss" rings hollow.  (Resp. at 5)  There is no need to engage in discovery when the government has taken the factual position in its amended complaint that the Social Security Administration, a government agency, didn't inquire or provide notice to Ms. McCoy, through LaSalle Bank, before giving away Ms. McCoy's Social Security benefits to her son.  The only thing at issue is whether the law supports

the government's position that it is up to the citizen, not the government, to make inquiry and give notice before taking someone's property. The law does not.

II. **Due Process Places the Burden of Inquiry and Notice on the Government, Not On Ms. McCoy, through LaSalle Bank.**

Before taking action that affects a property interest protected by the Fifth Amendment's Due Process Clause, the government must provide "***notice*** reasonably calculated, under all circumstances, to ***apprise interested parties*** of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)(emphasis added); *see also, Jones v. Flowers,* 547 U.S. 220, 229-230); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983). This is an "elementary and fundamental requirement of due process." *Mullane*, 339 U.S. at 314.

The government doesn't dispute that Ms. McCoy's Social Security benefits are a property interest protected by the Fifth Amendment's Due Process Clause. The government just thinks that the citizen, here Ms. McCoy, through the guardian of her estate, LaSalle Bank, has to ask the government if its giving away her property to someone else. But the government has it backwards. The government must make inquiry and give notice.

Under similar circumstances, the Court in *Mennonite Bd. of Missions* held that when a party with a constitutionally-protected property interest is "reasonably ascertainable," then the government must provide notice to that person. *Id.* at 798. In other words, the government has a duty to take reasonable steps to inquire whose property interests are affected and then to notify that person.

In *Mennonite Bd. of Missions*, the party with a constitutionally-protected property interest was a mortgagee with an interest in property that it publicly recorded. *Id*. at 792-95. Despite being "reasonably ascertainable" from public records, the mortgagee was never notified that the mortgaged property had been sold for back taxes and its lien wiped out, which violated its due process rights. *Id*.; *see also*, *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, (1988)(due process requires actual notice to creditors who are "reasonably ascertainable").

Here, a simple check of public court records would show that LaSalle Bank was the guardian of Ms. McCoy's estate and had been for a long time. According to the government's theory, the burden of "reasonably ascertainment" is on the guardian, who must go around to every public welfare agency from which it has ***not*** sought benefits on behalf of its ward to make sure that each agency isn't paying those benefits to someone else who has no authority to receive them on the ward's behalf. So the Social Security Administration didn't bother to take any steps, much less steps to "reasonably ascertain" the guardian of Ms. McCoy's estate, because it didn't have to, according to the government.[1]

As *Mennonite Bd. of Missions* holds, however, under the Fifth Amendment's Due Process Clause, this doesn't cut it. Without providing notice to Ms. McCoy, through LaSalle Bank, the "reasonably ascertainable" guardian of her estate, the Social Security Administration violated Ms. McCoy's due process rights. That is, it gave away her benefits without her knowledge, which means she never received them.

---

[1] This is why the government's argument that "LaSalle provides no citation or documentary support for its assertion that SSA knew that LaSalle was [Ms.] McCoy's guardian" is way off the mark. (Resp. at 3) The government did nothing to "reasonably ascertain" if Ms. McCoy had a guardian of her estate, as it was required to do. The fact that SSA didn't know this is proof of its constitutional violation, not an argument in the government's favor.

And because Ms. McCoy never received these Social Security benefits, the Veteran's Affairs department couldn't have "overpaid" her veteran's pension benefits based on Social Security benefits Ms. McCoy never received.

### III.  The Government's Imputed Authority and Estoppel Arguments Are a Smoke Screen.

The government argues that "LaSalle improperly seems to presume that the VA and SSA are the same, imputing knowledge from one agency to another." (Resp. at 3) And the government argues that "LaSalle's argument essentially amounts to estoppel, that SSA's alleged misconduct precludes the VA's pursuit of the payment by mistake." (Resp. at 4)

These arguments are a smoke screen. LaSalle Bank doesn't base its motion to dismiss on the theory that whatever the Social Security Administration knew should be charged to the Department of Veterans Affairs as well. And LaSalle Bank doesn't base its motion to dismiss on the theory that the Department of Veterans Affairs is "estopped" by the Social Security Administration's "alleged misconduct."

The motion to dismiss is based on the fact that due process places burdens on the Social Security Administration, an agency of the federal government. The Social Security Administration violated Ms. McCoy's due process rights when it gave her benefits to someone else without making any inquiry or notifying her. And the Department of Veterans Affairs can't treat as income when calculating a veteran's benefits money that she never received from the Social Security Administration.[2] That's LaSalle Bank's argument.

---

[2] Under the government's theory, the Internal Revenue Service also could sue Ms. McCoy for not paying taxes on "income" she "received" when another agency of the government gave that "income" to someone else without notifying her. This can't be the law.

The situation would be the same if, instead of the Social Security Administration, the government alleged in its amended complaint that a private charity had given money to Ms. McCoy's son, ostensibly for her benefit, without her knowledge and consent. The Department of Veteran's Affairs couldn't have "overpaid" Ms. McCoy any veterans benefits in that situation either since she would have no knowledge of nor would have received any of the private charity's money either.

The only difference between that hypothetical and here is that the Social Security Administration, unlike a private charity, must follow the requirements of due process. But the result is the same. The fact that the "United States" here is trying to recover money one of its agencies, the "Department of Veterans Affairs," claims it "overpaid' to a beneficiary based on money another of its agencies, the "Social Security Administration," paid to someone else in violation of the beneficiary's due process rights just makes the case that much easier to dismiss.

A private charity might not know better. But the Due Process Clause requires the United States government, and all of its agencies, to know better.

## CONCLUSION

For these reasons, and the reasons given in LaSalle Bank's Motion to Dismiss and Memorandum of Law in Support of its Motion to Dismiss, the Court should dismiss the government's claims with prejudice.

Dated:  March 27, 2008                                         Respectfully submitted,


      /s/  Scott P. Clair
Todd A. Rowden
Scott P. Clair
Timothy L. Binetti
THOMPSON COBURN LLP
55 E. Monroe St.
40th Floor
Chicago, IL 60603

### **CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to F.R.C.P. 5(b)(2)(D), a copy of the foregoing LaSalle Bank's Reply in Support of its Motion to Dismiss, was served by electronic means on March 27, 2008 through this Court's CM/ECF system on the following registered user:

>Kathryn A. Kelly
>Assistant United States Attorney
>219 S. Dearborn St.
>Chicago, IL 60604

>/s/ Scott P. Clair