IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.   07 C 6196 |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable William J. Hibbler |
| v. | ) | |
| | ) | |
| LASALLE BANK, N.A | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On December 4, 2007, the Government filed a complaint alleging it erroneously paid veteran's benefits to Elizabeth McCoy. LaSalle Bank—as guardian of McCoy's estate—moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Bank's motion is DENIED.

I.   Factual Background

The following facts are taken from the Government's amended Complaint. Elizabeth McCoy was a nurse in the United States Army from July 5, 1945, to April 1, 1946. Thereafter, McCoy was diagnosed with a condition that rendered her disabled. In 1949, McCoy applied for—and was granted—pension benefits by the U.S. Department of Veterans Affairs ("VA"). McCoy's disability benefits were income-dependent, *i.e.* her benefits would be reduced if her income level increased.

1

LaSalle Bank was appointed guardian of McCoy's Estate in 1954. In this role, the Bank received and deposited McCoy's VA pension checks, managed the monies paid by the VA, paid McCoy's expenses, and made annual accountings of McCoy's finances to the probate court. As a rule, the VA required veterans to complete a Pension Eligibility Verification Report in order to certify they were still eligible to receive benefits. By 1980, the Bank was completing the Pension Eligibility form on McCoy's behalf. Thus, the VA routinely asked about McCoy's financial situation and the Bank provided the answers.

The Government alleges that in 1988 McCoy began receiving Social Security benefits. The Bank, however, continued to report on the Pension Eligibility form that McCoy received no money from the Social Security Administration. Apparently, McCoy's son (acting as a representative payee) applied for and received all the Social Security checks. The Government contends the Bank completed the Pension Eligibility form without first checking with McCoy or her son regarding McCoy's eligibility status. According to the Government, McCoy was not eligible to receive both VA benefits and Social Security payments, only one or the other. On December 4, 2007, the Government filed an amended Complaint alleging the VA would not have paid McCoy if it knew she was receiving Social Security benefits. Specifically, the Government asserts the VA overpaid $41,730 to McCoy during the periods of November 1997 to July 1999 and April 2000 to February 2004. On February 4, 2008, the Bank moved pursuant to Federal Rule 12(b)(6) to dismiss the Government's Complaint.

## II.    Standard of Review

The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a 12(b)(6) motion, the Court must accept all well-pleaded allegations in the complaint as true. *McMillan v. Collection Prof'ls,* 455 F.3d 754, 758 (7th Cir. 2006). Although the complaint need not contain detailed factual allegations: "a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action …" *Bell Atlantic Corp. v. Twombley,* 127 S.Ct 1955, 1959, 1965 (2007) (internal citations omitted). Therefore, to survive a motion to dismiss, the factual allegations must be "enough to raise a right to relief above the speculative level." *Id.*

### III.    Analysis

The Government's Complaint goes well beyond "formulaic recitation of the elements of a cause of action." The Complaint puts forth a plausible factual scenario regarding: (1) how and why McCoy first began receiving VA benefits (she was a disabled Army nurse); (2) the reason McCoy was disqualified for VA benefits (she began receiving Social Security payments); (3) the approximate date on which McCoy should have stopped receiving benefits (1988); (4) the time period during which McCoy received payments in error (1997 to 1999 and 2000 to 2004); (5) the approximate dollar amount of the overpayments ($41,730) and; (6) the legal theory by which the Government plans to prove its case (common law quasi-contract, payment by mistake or error). The Government presents more than enough detail and context to satisfy the pleading requirements outlined in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d) ("each allegation must be simple, concise and direct.").

In response, the Bank argues the Complaint should be dismissed because the Social Security Administration violated McCoy's due process rights by sending her benefits to her son without notifying her or the Bank. Moreover, the Bank claims McCoy never actually received any money from the Social Security Administration, thus her income never rose to a level which would disqualify her for veteran's benefits. These arguments are based on two factual assertions: (1) the Social Security Administration knew McCoy had a guardian but never sent word to the Bank that McCoy's son applied for benefits and; (2) McCoy did not receive money from the Social Security payments, thus her income level remained static. The Bank's contentions—if true—may bolster their case that no overpayment occurred. The Government, however, does not accept the Bank's version of events.

The Government notes "[the Bank] provides no citation or documentary support for its assertion that [the Social Security Administration] knew that [the Bank] was McCoy's guardian and thus should have sent notice to [the Bank]." (Resp. to Mot. to Dismiss at 3). The Government emphasizes the Bank erroneously "informed the VA that McCoy was not receiving [Social Security] payments and this assertion was material..." *Id.* Ultimately, the Government characterizes the Bank's version of events as nothing more than "mere speculation." *Id.* The litigants agree McCoy was not entitled to receive benefits from both the VA and the Social Security Administration. Thus, it would be highly probative to know: whether the Bank was aware that Social Security benefits were being paid on McCoy's behalf; whether the Social Security Administration attempted to contact the Bank; whether the Bank took any steps to ascertain McCoy's status with the

Social Security Administration *before* completing the Pension Eligibility form and; the actual wording of the Bank's representations on the Pension Eligibility form.

Both parties have presented competing, yet plausible factual scenarios. Courts, however, should not attempt to resolve factual disputes on a motion to dismiss. In this regard, the Seventh Circuit has been quite explicit: "Where the pleadings raise a contested issue of material fact, a Rule 12(b)(6) motion must be denied." *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir. 1978); *Cushing v. City of Chicago*, 3 F.3d 1156, 1163 (7th Cir. 1993) (holding that resolving issues of fact are "inappropriate for resolution in a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6)."); *Lovellette v. Southern R. Co.*, 898 F.2d 1286, 1291 (7th Cir. 1990) (holding that determining issues of fact is "inappropriate for resolution in a FED.R.CIV.P. 12(b)(6) motion to dismiss the pleadings.").

For example, in *Covington v. Ill. Sec. Serv.*, the plaintiff sued his former employer for racial discrimination, but the employer argued the suit was untimely. 269 F.3d 863 (7th Cir. 2001). According to the plaintiff, the statute of limitations should have been tolled because the postal service did not deliver his Right-to-Sue letter until two months after it was issued by the Equal Employment Opportunity Commission. *Id.* at 864. The plaintiff also claimed the postal service failed to notify him of their previous attempts to deliver the letter. *Id.* Nevertheless, the district court granted the motion to dismiss and found that the plaintiff was negligent in both obtaining the letter and bringing his suit. *Id.* On appeal, the Seventh Circuit concluded the motion to dismiss presented factual issues beyond the scope of the four corners of the complaint. *Id.* at 865. The court noted that because the parties had not conducted discovery, the plaintiff had no opportunity to rebut

the factual assertions in the motion to dismiss.[1] *Id.* The Seventh Circuit reversed the district court and held that the questions presented—whether the postal service sent notification and whether the plaintiff was negligent in retrieving the letter—were heavily fact dependent and inappropriate for resolution on a motion to dismiss. *Id.*

Here, as in *Covington*, the questions regarding notification—whether the Social Security Administration knew the Bank was McCoy's guardian and whether notification was sent to the Bank—present a factual dispute that cannot be decided on a motion to dismiss. Additionally, the Court notes that the Government has not had the benefit of discovery in order to rebut the Bank's factual contentions. The Bank's motion to dismiss is premised on factual assertions. The purpose of 12(b)(6) motion, however, is to test the *legal* sufficiency of a complaint, not to argue facts. Therefore, the Bank's motion to dismiss must be denied. *See, e.g.; Wright Tree Serv. v. Commonwealth Edison Co.*, 2000 U.S. Dist. LEXIS 12622, No. 00 C 2482, 2000 WL 1222199, at *6 (N.D. Ill. Aug. 20, 2000) (denying 12(b)(6) motion and holding: "Fact issues are not to be decided on a motion to dismiss."); *Charles v. Mid-City Lumber & Supply Co.*, 2001 U.S. Dist. LEXIS 3554, No. 00 C 1741, 2001 WL 303543, at *3 (N.D. Ill. March 27, 2001) (denying 12(b)(6) motion and explaining that "the court will not resolve fact disputes at the motion to dismiss stage.").

There is no rule, however, against adjudicating claims that do not present a factual dispute. The Bank alleges the Government is precluded by the six-year statute of limitations from recovering the entire $41,730 requested in the Complaint. *See*, 28

---

[1] It should be noted that if the parties had attached documents and affidavits then the motion to dismiss would be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (explaining if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment ...")

6

U.S.C. § 2415(a). Instead of making a futile argument, the Government concedes the accuracy of the Bank's claims. The Court appreciates the Government's candor and grants the Government 20 days to amend its prayer for relief. The 20 days shall commence upon the issuance of this opinion.

### IV. CONCLUSION

The Government has presented a plausible factual scenario regarding why it is entitled to relief. The Bank has offered an equally plausible, yet competing, version of events. These arguments, however, are best resolved after discovery and after the parties have had an opportunity to present documentation and supporting evidence. The pronouncement against resolving factual disputes via Federal Rule of Civil Procedure 12(b)(6) mandates that the motion to dismiss be DENIED. The Government acknowledges that its recovery is partially barred by the six-year statute of limitations. The Government is given leave to amend its prayer for relief within 20 days of the issuance of this opinion.

IT IS SO ORDERED.

7/29/08
Dated

The Honorable William J. Hibbler
United States District Court