UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6196 |
| v. | ) | |
| | ) | Judge Hibbler |
| BANK OF AMERICA, formerly | ) | |
| ABN AMRO d/b/a/ LaSALLE BANK | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, brings this action for payment by mistake and complains as follows:

### Jurisdiction and Venue

1. The court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue lies in this district pursuant to 28 U.S.C. §1391(b).

### Parties

3. The plaintiff is the United States of America acting on behalf of the U.S. Department of Veterans Affairs, ("VA").

4. The defendant Bank of America, formerly ABN AMRO d/b/a LaSalle Bank, at all times pertinent hereto, operated in Cook County, Illinois and acted as guardian and fiduciary for veteran Elizabeth McCoy, a disabled person who has served in the armed services, and submitted eligibility reports to the VA in order for McCoy to continue receiving VA pension benefits.

**Factual Background**

5.   Elizabeth McCoy served in the United States Army as a nurse for approximately nine months, from July 5, 1945 to April 1, 1946.  She completed her term of service to the United States Army.

6.   Thereafter, she was diagnosed as having a condition that rendered her disabled but the VA found that her condition was not service-connected.  She then applied for VA pension benefits, which are income-dependent and available to veterans who are disabled due to non-service-connected conditions.  Benefits are granted when the veteran has no other source of income or any income is below the amount set by Congress.  McCoy began to receive benefits in October of 1949.

7.   On or about the year 1954, LaSalle Bank became the duly appointed and acting guardian of the Estate of Elizabeth McCoy.  In this role, LaSalle Bank received the VA pension checks and deposited them into the estate's account.

8.   Some of the duties that LaSalle Bank undertook as guardian of the estate were to manage the monies paid by the VA, pay McCoy's expenses, correspond with the VA regarding payments, and make an annual accounting to the probate court of McCoy's finances.  LaSalle essentially spoke for McCoy on financial matters.

9.   By at least 1980, LaSalle Bank also completed VA form 21-0515, called the Pension Eligibility Verification Report, every year or so.  The VA required this form to determine continued eligibility for the pension benefit.  The VA paid pension benefits to McCoy because her income level was below the amount determined by Congress for veteran eligibility.  Thus the VA regularly asked about the beneficiary's financial situation, including savings and income.

10. In January of 1988, unbeknownst to the VA, McCoy began to receive Social Security benefits. LaSalle Bank never informed the VA that McCoy was receiving these benefits, as apparently McCoy's son applied for the benefits and received the checks. LaSalle Bank reported to the VA, on the Pension Eligibility Verification Reports, that McCoy received zero dollars from the Social Security Administration without any inquiry to SSA, McCoy or her son, with whom LaSalle was in contact and to whom rent was paid.

11. The VA, in turn, relied on guardian LaSalle Bank's reporting of no income from the Social Security Administration to determine that McCoy remained eligible for pension benefits.

**Count I**
**Payment by Mistake or Error**

12. This is a civil action brought by the United States against LaSalle Bank under common law upon a quasi-contract cause of action for payment by mistake or error.

13. The United States of America repeats and realleges each allegation set forth above in paragraphs 1 through 11 as if set forth fully herein.

14. The VA made payments on McCoy's behalf to LaSalle Bank under the mistaken belief that McCoy was not receiving Social Security benefits which would have canceled her pension benefits.

15. The VA would not have made the payments had it known that McCoy was receiving Social Security benefits.

16. The VA's erroneous belief was material to the payments which it made and which benefitted McCoy.

17. Because of LaSalle Bank's failure to make any good faith inquiry into McCoy's status with the Social Security Administration or respond on the Report that it did not know of McCoy's status, the VA continued to pay pension benefits that McCoy was no longer entitled to receive.

18. The VA paid during the period November 1, 2001 to February, 2004, $11,818 in benefits to McCoy that it would not have paid had LaSalle Bank met its obligation.

### Claim for Relief

WHEREFORE, the United States of America demands judgment against the defendants for damages, pre- and post-judgment interest, costs and any such further relief as the court deems equitable and appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:
    KATHRYN A. KELLY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-1936
    kathryn.kelly@usdoj.gov